**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES M. WHEAT and DANNY BRINSON, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>MIKE CRAIG, JEFF R. THOMPSON, JEFF COX, E. CHARLES JACOBS, MIKE NERREN, and PARKER SELF in their official capacities as Judges of the 26th Judicial District Court; and JULIAN C. WHITTINGTON, in his official capacity as Sheriff of Bossier Parish,<br><br>    Defendants. | Case No. 5:17-cv-424<br>Complaint—Class Action |

## CLASS ACTION COMPLAINT

1. In Bossier Parish, people who are arrested on certain misdemeanor crimes have a bail automatically set for them upon booking, according to a schedule as ordered by the Judges of the 26th Judicial District. Those who cannot afford the bail amount automatically set for them remain incarcerated for up to 72 hours before seeing a judicial officer via video conference. In this initial appearance, defendants are provided no opportunity to argue for bail reduction or a nonfinancial alternative to bail. No inquiry is made into their likelihood to return to court if they were released. Those who cannot afford their bail may remain incarcerated for up to forty-five days while awaiting the District Attorney's charging decision. Plaintiffs James M. Wheat and Danny Brinson were both arrested for an alleged violation of a statute prohibiting panhandling.

Both men had bail automatically set at $1,000 on a charge that carries only a $200 fine. Both men are indigent and cannot afford their bail.

2. Since August 2015, the Sheriffs of Bossier and Webster Parishes have systematically imprisoned people not because they have been convicted of a crime, violated a condition of probation, or been held in contempt of court. Rather, the Sheriffs are enforcing an en banc order from the Judges of the 26th Judicial District Court prohibiting anyone from being released on bail if they have not paid a $40 fee to apply for representation by the 26th Judicial District's Public Defender. This practice discriminates against the indigent, jailing our poorest citizens solely on account of their poverty. It is a blatant violation of the protections of the 14th Amendment, and it must end.

3. Plaintiffs JAMES M. WHEAT and DANNY BRINSON, by and through their undersigned attorneys, bring this action against Defendants MIKE CRAIG, JEFF R. THOMPSON, JEFF COX, E. CHARLES JACOBS, MIKE NERREN, and PARKER SELF, the judges of the 26th Judicial District Court; and JULIAN C. WHITTINGTON, Sheriff of Bossier Parish. Plaintiffs seek a declaratory judgment and injunctive relief.

## NATURE OF THE ACTION

4. It is bedrock principle of our legal system that a person cannot be detained or imprisoned solely for their inability to pay a fee. Such an incarceration violates the Substantive Due Process and Equal Protection clauses of the Constitution. Plaintiffs seek to vindicate these rights under 42 U.S.C. § 1983, requesting declaratory and injunctive relief. Plaintiffs also assert supplemental claims under Louisiana state law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

7. Plaintiff James M. Wheat is an adult resident of Shreveport, Louisiana. He is indigent and lacks the cash or assets to pay the $1,000 bail that has been arbitrarily imposed by Defendants Craig, Thompson, Cox, Jacobs, Nerren, and Self to detain him. Mr. Wheat represents himself and a class of similarly situated people detained by Sheriff Whittington in accordance with the bail schedule issued by the Judges of the 26th Judicial District.

8. Plaintiff Danny Brinson is an adult man who is indigent and homeless. He cannot afford the $1,000 bail arbitrarily imposed on him by Defendants Craig, Thompson, Cox, Jacobs, Nerren, and Self. Mr. Brinson joins Mr. Wheat in representing a class of similarly situated people detained by Sheriff Whittington in accordance with the bail schedule issued by the Judges of the of the 26th Judicial District. In addition, Mr. Brinson represents a second class of people to whom the Public Defender has been appointed, who are unable to afford the $40 application fee, and who Defendant Whittington will continue to detain for nonpayment of this application fee.

9. Defendant Mike Craig is a Judge of the 26th Judicial District Court. He is a signatory to the court order establishing the bail schedule for misdemeanor offenses enforced by Defendant Whittingon. He is also a signatory to the en banc order of August 10, 2015, prohibiting Defendant Whittington from releasing on bail anyone who has been appointed representation by the office of the public defender and not yet paid the $40 application fee.

10. Defendant Jeff R. Thompson is a Judge of the 26th Judicial District Court. He is a signatory to the court order establishing the bail schedule for misdemeanor offenses enforced by Defendant Whittingon. He is also a signatory to the en banc order of August 10, 2015,

prohibiting Defendant Whittington from releasing on bail anyone who has been appointed representation by the office of the public defender and not yet paid the $40 application fee.

11. Defendant Jeff Cox is a Judge of the 26th Judicial District Court. He is a signatory to the court order establishing the bail schedule for misdemeanor offenses enforced by Defendant Whittingon. He is also a signatory to the en banc order of August 10, 2015, prohibiting Defendant Whittington from releasing on bail anyone who has been appointed representation by the office of the public defender and not yet paid the $40 application fee.

12. Defendant E. Charles Jacobs is a Judge of the 26th Judicial District Court. He is a signatory to the court order establishing the bail schedule for misdemeanor offenses enforced by Defendant Whittingon. He is also a signatory to the en banc order of August 10, 2015, prohibiting Defendant Whittington from releasing on bail anyone who has been appointed representation by the office of the public defender and not yet paid the $40 application fee.

13. Defendant Mike Nerren is a Judge of the 26th Judicial District Court. He is a signatory to the court order establishing the bail schedule for misdemeanor offenses enforced by Defendant Whittingon. He is also a signatory to the en banc order of August 10, 2015, prohibiting Defendant Whittington from releasing on bail anyone who has been appointed representation by the office of the public defender and not yet paid the $40 application fee.

14. Defendant Parker Self is a Judge of the 26th Judicial District Court. He is a signatory to the court order establishing the bail schedule for misdemeanor offenses enforced by Defendant Whittingon. He is also a signatory to the en banc order of August 10, 2015, prohibiting Defendant Whittington from releasing on bail anyone who has been appointed representation by the office of the public defender and not yet paid the $40 application fee.

15. Defendant Julian Whittington is the Sheriff of Bossier Parish. He detains individuals pursuant to the unlawful policies, practices, and orders of Defendants Craig, Thompson, Cox, Jacobs, Nerren, and Self. He currently holds Plaintiffs and other similarly situated individuals in his custody both pursuant to an unlawful bail schedule and pursuant to an unlawful order requiring payment of the $40 Public Defender application fee. He holds individuals in jail for no reason other than their inability to pay money.

16. All Defendants are sued in their official capacities only.

## FACTUAL BACKGROUND

### A. The Plaintiffs' Arrests and Detention.

17. Officers of the Bossier City Police Department arrested Plaintiff James M. Wheat on March 6, 2017, alleging that he had violated a state statute that prohibits soliciting or panhandling on an interstate highway. The penalties for violating this statute are a maximum fine of $200 or up to six months' imprisonment. La. R.S. § 14:97.1(B)

18. Mr. Wheat spent a night Bossier City Police Department's detention facility before being moved to the custody of the Bossier Parish Sheriff's Office on March 7, 2017. Upon his booking into the Sheriff's Maximum Security Facility, Mr. Wheat learned from Sheriff's deputies that his bail had been set at $1,000.

19. On the following day, March 8, Mr. Wheat made his first appearance before a judge via closed circuit video. Deputies instructed Mr. Wheat and the other prisoners that they were to speak only to answer the following three questions posed by the judge: "Do you know the charge against you? Do you have an attorney? Would you like an attorney to be appointed to you?"

20. Although he is indigent, Mr. Wheat refused appointment of the public defender as his representative. He believed that declining representation would allow him to enter a plea more quickly and speed his release.

21. At no time during the hearing, which lasted less than two minutes, did the judge address the issue of Mr. Wheat's bail.

22. The judicial officer made no inquiry into Mr. Wheat's ability to pay the $1,000 bail that had been set for him.

23. Mr. Wheat is unemployed and currently has no source of income, property, or other assets which he could post as collateral for his bail.[1]

24. Plaintiff Danny Brinson was also arrested on March 6, 2017, by the Bossier City Police Department and transferred to the custody of the Bossier Parish Sheriff's Office on March 7. Deputies at the Maximum Detention Center told Mr. Brinson that his bail was set at $1,000.

25. He, too, made a first appearance before a judge on March 8 via video.

26. The judge informed Mr. Brinson of his charge and appointed the public defender to represent him. Mr. Brinson has not yet met his public defender.

27. The judge did not address Mr. Brinson's $1,000 bail or make an inquiry into his ability to afford that amount of bail.

28. Mr. Brinson is both homeless and indigent. He can afford neither his bail nor the $40 public defender application fee.[2]

### B. Policies and Practices of the Defendants.

29. Defendants' policies and practices are directly responsible for Plaintiffs' continued deprivation of liberty.

---

[1] See Ex. 1, Declaration of James M. Wheat.
[2] See Ex. 2, Declaration of Danny Brinson.

### i. The Money Bail Practice.

30.     As a matter of policy and practice, arrestees booked into the custody of the Bossier Parish Sheriff's Office on misdemeanor charges are automatically assigned a bail according to a fixed schedule. Dozens of offenses are listed with their corresponding bail amount, while a catchall provision notes that $1,000 will be the bail for "Any Misd[emeanor] Charges Not Listed." If the arrestee pays this amount, they are released immediately.[3]

31.     Arrestees appear before a judicial officer for their "72-hour hearing" via a video connection from the detention center. This hearing, however, includes no meaningful consideration of bail. Prior to the hearing, Sheriff's deputies instruct arrestees that they are to speak only to answer the judge's questions as to their charges and representation. Arrestees are unable to raise bail as an issue, and the judges make no inquiry into arrestees' ability to afford bail amounts set according to the schedule. While public defenders are appointed during these hearings, they are not present in the jail to consult arrestees or raise arguments challenging bail.

32.     In the period between an arrest and the first appearance before a judge, Defendants do not allow post-arrest release on recognizance or with an unsecured bond (in which a person would be released by promising to pay the scheduled amount if the person later does not appear). Instead, Defendants require that the money payment amount be secured (i.e., paid up front before release).

33.     Many of Bossier Parish's arrestees within the jurisdiction of the 26th JDC are released soon after arrest upon payment of the scheduled amount of money. Others remain detained for varying lengths of time until they or their families are able to borrow sufficient amounts of money or arrange for third-party payment. Many others, like the named Plaintiffs, who are too

---

[3] Ex. 3, Bail Schedule of the 26th Judicial District Court. Arrestees are also told that they can contract with a private bonding company by paying the statutorily mandated 12% of the scheduled bail amount, La. R.S. § 22:1443, but many impoverished arrestees cannot afford even that amount. Moreover, private bonding companies are under no obligation to provide a bond and can refuse to pay any bond at their discretion.

poor even to find anyone to pay a bondsman 12% of the bail to act as surety for them, are kept in jail at least until they appear before a judge who will hear a motion on bail reduction.

### ii. The Public Defender Application Fee.

34. In 2007, the state legislature passed Act No. 307 relating to indigent defense. This legislation requires that applicants for the services of the district public defender "…shall pay a nonrefundable application fee of forty dollars to the district office or its designee, which fee shall be in addition to all other fees or costs lawfully imposed." La. R.S. § 15:175(A)(1)(f).

35. The 26th Judicial District Public Defenders' Office received 4,510 applications for service in 2016 and waived the fee in 8 of those cases.

36. On August 10, 2015, Defendant Judges Craig, Thompson, Cox, Jacobs, Nerren, and Self issued an en banc order that reads:

> IT IS HEREBY ORDERED that the Bossier Parish Sheriff and the Webster Parish Sheriff, prior to releasing on bond any defendant who has been appointed the Public Defender for representation, shall collect the $40.00 application fee (pursuant to La. R.S. 15:175) due to the Public Defender's Office.
>
> IT IS FURTHER ORDERED that each Sheriff shall forward any such fee to the Public Defender's Office. Each Sheriff shall further provide to the Public Defender a list of all defendants from who[m] said fee has been collected.
>
> IT IS FURTHER ORDERED that this decree shall be effective for both Bossier and Webster Parishes.[4]

37. The Sheriffs of Bossier and Webster Parishes hold pretrial defendants detained on charges pending before the 26th Judicial District Court, the Bossier City Court, and the Mayor's Courts of Haughton, Benton, and Plain Dealing.

38. Defendant Whittington has enforced the Judges' en banc order, refusing to release people on bail until they have paid the public defender application fee.

---

[4] Ex. 4, En banc order of the 26th Judicial District Court, August 10, 2015

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves and all others similarly situated, for the purpose of asserting the claims alleged in this Complaint on a common basis.

40. Plaintiff Class A consists of people in the custody of Sheriff Whittington who are unable to pay for their release pursuant to Defendant Judges' secured bail schedule.

41. Plaintiff Class B consists of people held in custody of the Defendant Sheriff Whittington and who remain in custody because of their inability to pay the $40 Public Defender application fee.

42. The members of the classes are so numerous that joinder of all members is impractical. Thousands of men and women face criminal proceedings in the 26th Judicial District Court and the municipal courts of Bossier each year. The classes also includes a large, unknown, and unknowable number of future members, since people are regularly charged with offenses adjudicated in the 26th Judicial District Court.

43. There are questions of fact and law common to Class A—represented by Plaintiffs Wheat and Brinson—including, but not limited to:

   a. Do the Judges have a policy and practice of using a "bail schedule" to determine the amount of money necessary to secure post-arrest release?

   b. Does the Sheriff require that the scheduled amount of money be paid prior to releasing a person from jail?

   c. Do the Defendants have alternate procedures to promptly release indigent people who cannot afford a monetary bail?

   d. Does the Defendants' use of a bail schedule violate the Fourteenth Amendment's Due Process and Equal Protection clauses?

44. There are questions of fact and law common to the Class B—represented by Plaintiff Brinson—including, but not limited to:

   a. Does the judges' conditioning of release on the payment of an application fee to the public defender violate the Equal Protection Clause of the Fourteenth Amendment?

   b. Does the judges' conditioning of release on the payment of an application fee to the public defender violate the Due Process Clause of the Fourteenth Amendment?

   c. Does the Sheriff's compliance with the Judges' en banc order violate the Fourteenth Amendment rights of detainees?

   d. Is the Sheriffs' failure to release detainees who have not paid the $40 application fee a violation of article 328 of the Louisiana Code of Criminal Procedure?

45. Because the statutes, policies, practices, and customs challenged in this litigation apply with equal force to the named Plaintiffs and the other members of the class, the claims of the Plaintiffs are typical of the class in general.

46. The named Plaintiffs and their counsel will fairly and adequately represent the interests of the classes. The named Plaintiffs possess strong personal interests in the subject matter of the lawsuit and are represented by experienced counsel with expertise in civil rights litigation. Counsel have the legal knowledge and resources to fairly and adequately represent the interests of all class members in this action.

47. Questions of law or fact common to class members predominate over questions affecting individual members, and the class action is the superior means of fairly and efficiently adjudicating this controversy.

48. The Defendants have acted or refused to act on grounds generally applicable to members of each class: their policies, procedures, practices, acts, and omissions have affected all class

members. Accordingly, final injunctive and declaratory relief is appropriate to the class as a whole.

## CLAIMS FOR RELIEF

### Count One

**Defendants Violate Plaintiffs Due Process and Equal Protection Rights by Setting Bail Through a Bail Schedule, Causing Their Continued Detention.**

49. Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

50. The Fourteenth Amendment's Due Process and Equal Protection clauses have long prohibited keeping a person in jail because of the person's inability to make a monetary payment. Defendants violate Plaintiffs' rights by placing and keeping them in jail when they cannot afford to pay the amount of money set by the generic secured bail "schedule" used by Defendants.

### Count Two

**Defendants' Continued Detention of Plaintiffs for Inability to Pay the $40 Public Defender Application Fee Violates Due Process and Equal Protection.**

51. Plaintiffs incorporate by reference the allegations set forth in this complaint.

52. Plaintiffs are currently being held in the custody of Defendant Sheriff Whittington because of their inability to pay the $40 application fee for the services of the Public Defender. Defendant Whittington is holding Plaintiffs in custody due to the en banc order by Defendant Judges Craig, Thompson, Cox, Jacobs, Nerren, and Self.

53. Plaintiffs' continued detention at the hands of the Defendants violates their Fourteenth Amendment substantive Due Process rights by infringing on the most elemental of liberty interests.

54. The Judges' standing order for the collection of the application fee and the Sheriff's enforcement of this order discriminates against citizens on the basis of their income, subjecting

people to incarceration solely because they cannot afford to pay a public defender application fee. The order and the Sheriff's actions in compliance therewith violate the Equal Protection Clause of the Fourteenth Amendment.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

A. Declare that the en banc order of the Defendant Judges of the 26th Judicial District requiring payment of the $40 Public Defender Application fee violates the Substantive Due Process and Equal Protection clauses of the Fourteenth Amendment.

B. Enjoin Defendant Sheriff Whittington from enforcing the unconstitutional en banc order of the Defendant Judges.

C. Declare that the Defendants' money-based detention scheme pursuant to a bail schedule is unconstitutional, violating the Due Process and Equal Protection Clauses;

D. Enjoin Defendant Sheriff Wittington from enforcing the unconstitutional money-based detention scheme;

E. Enjoin Defendant Sheriff Wittington to release from his custody the Plaintiffs and all similarly situated class members;

F. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

G. Order all other relief this Court deems just and proper.

Respectfully submitted,

*/s Eric A. Foley*
Eric A. Foley, La. Bar No. 34199(TA)
Katie M. Schwartzmann, La Bar No. 30295
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
eric.foley@macarthurjustice.org
katie.schwartzmann@macarthurjustice.org