**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JAMES M. WHEAT, ET AL.                      CIVIL ACTION NO. 17-0424

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

JUDGE MIKE CRAIG, ET AL.                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Plaintiffs James M. Wheat ("Wheat") and Danny Brinson's ("Brinson") (collectively "Plaintiffs") Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction, on behalf of themselves and other putative class members, against Defendant Sheriff Julian C. Whittington ("Whittington"). See Record Document 5. Because the Court finds that the showing made is insufficient to warrant granting this extraordinary remedy, the Motion for TRO is **DENIED**. The Motion for Preliminary Injunction remains pending before the Court.

**PLAINTIFFS' ALLEGATIONS[1] AND PROCEDURAL BACKGROUND**

On March 6, 2017, officers of the Bossier City Police Department arrested Plaintiffs for panhandling in violation of La. R.S. § 14:97.1. See Record Document 5-1 at 4. After being detained at the Bossier City jail for one night, authorities transferred Plaintiffs to the Bossier Parish Sheriff's Maximum Security Detention Center ("Bossier Max"). See id. Once there, deputies informed Plaintiffs that they were being held on $1,000 bail. See id. at 5. This bail amount is in accordance with the bail schedule for Bossier Parish, which sets bail at $1,000.00 for all misdemeanors for which more specific bail amounts are not

---

[1] The factual statements contained in this section are based upon Plaintiffs' allegations and affidavits. See Record Documents 1, 5, 5-1, 5-2, and 5-3. As such, they do not constitute factual findings by the Court.

set. See Record Document 5-4 (the bail schedule). Plaintiffs were unable to pay the bond. See Record Document 5-1 at 5. Bail bondsmen refused to provide Brinson with bail because he is not a resident of Louisiana. See id. Though Wheat is a resident of Louisiana, he was unable to pay the 12% fee that bail bondsmen are allowed to charge under Louisiana law before acting as sureties for pretrial detainees. See id. Thus, neither was able to pay the $1,000.00 bail, and Plaintiffs remained incarcerated. See id.

On March 8, 2017, Plaintiffs appeared in hearings before a judge of the 26th Judicial District Court ("26th JDC"). See id. Plaintiffs allege that Sheriff's deputies instructed them that they were only allowed to answer three questions from the judge: whether each of them (1) knew the charge against him; (2) had an attorney; and (3) would like to have one appointed if he did not have one. See id. Plaintiffs' affidavits state that the hearings lasted less than two minutes and did not include a discussion of bail. See Record Documents 5-2 and 5-3. Brinson chose to request appointment of counsel, while Wheat did not. See id.

The 26th JDC also has a standing order regarding the payment of Louisiana's $40.00 application fee for the appointment of the public defender to represent a criminal defendant. See Record Document 5-5. This order states that "the Bossier Parish Sheriff and Webster Parish Sheriff, prior to releasing on bond any defendant who has been appointed the Public Defender for representation, shall collect the $40.00 application fee . . . due to the Public Defender's Office." Id. Wheat's affidavit states that he cannot afford to pay this fee. See Record Document 5-3. Plaintiffs currently remain incarcerated at Bossier Max. See Record Documents 5-2 and 5-3.

On March 20, 2017, Plaintiffs filed the instant federal civil rights class action suit, seeking solely declaratory and injunctive relief against Whittington and Judges Mike Craig, Jeff R. Thompson, E. Charles Jacobs, Mike Nerren, and Parker Self in their official capacities. See Record Document 1. Plaintiffs challenged (1) the bail schedule and (2) the standing order regarding payment of the public defender fee, arguing that both of these measures violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment. See id. On March 21, 2017, Plaintiffs filed the instant Motion for TRO and Preliminary Injunction. See Record Document 5.

## LAW AND ANALYSIS

### I.    Legal Standards

A TRO is a form of equitable injunctive relief that a court may issue before there is an opportunity to hold a full hearing on an application for a preliminary injunction. See Fed. R. Civ. P. 65(b). To obtain a temporary restraining order, "the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest." Harris v. Monroe City Sch. Bd., 2012 U.S. Dist. LEXIS 115871 at *8-9 (W.D. La. 2012), citing Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." Allied Marketing Group, Inc. v. CDL Marketing, Inc., 878 F.2d 806, 809 (5th Cir. 1989).

## II. Analysis

The Court has considered each of the four factors upon which a movant must carry the burden of persuasion to obtain a TRO, and the Court finds that granting the "extraordinary remedy" of a TRO is unwarranted based upon the showing made in the instant Motion. Id. In particular, the Court finds that the fourth element, which requires the Court to examine whether the issuance of the TRO will serve the public interest, weighs in favor of denying the TRO. Issuing the broad order requested by Plaintiffs (1) declaring that both of the policies at issue in the instant action are unconstitutional and (2) enjoining Whittington from enforcing them would create an untenable situation in both Bossier and Webster Parishes, as currently established procedures for handling bail matters would be upended overnight with no replacement procedure in place. Furthermore, issuing the requested relief would release Plaintiffs from jail. The Court has no information upon which it could determine whether Plaintiffs and the other unnamed members of their purported class pose a danger to themselves or the public. For these reasons, the Court finds that Plaintiffs have not met their burden of clearly carrying the burden of persuasion with respect to all four of the TRO factors. See Lakedreams, 932 F.2d at 1107; see Allied Marketing Group, Inc., 878 F.2d at 809.

## CONCLUSION

Plaintiffs have asserted arguments regarding one of the most fundamental rights, the right to liberty itself. However, at the inception of this litigation, the Court finds that (1) denial of the TRO in favor of a more considered decision on the merits of a preliminary injunction, after an opportunity to review counter-arguments and evidence from Defendants, better serves the public interest than granting the TRO; and (2) the public

interest factor carries greater weight than any factors that may weigh in favor of granting the TRO.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for a TRO (Record Document 5) be and is hereby **DENIED**. The Motion for Preliminary Injunction remains pending before the Court.

**IT IS FURTHER ORDERED** that the instant action is hereby referred to Magistrate Judge Hornsby for a scheduling conference for the Motion for Preliminary Injunction (Record Document 5) and the underlying action itself, which seeks a permanent injunction, declaratory relief, and attorney's fees. Plaintiffs are hereby **ORDERED** to ensure that valid service has been made upon all Defendants prior to such conference.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 22nd day of March, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE